IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. BRECKENRIDGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00220-AGF |
| ) | |
| DOUG PRUDDEN, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the pro se petition of Timothy A. Breckenridge for a writ of habeas corpus pursuant to 28 U.S.C. 2254. On December 12, 2014, Petitioner pled guilty to three counts of stealing property valued between $500 and $25,000 under Mo. Rev. Stat. § 570.030. His sentence was enhanced to a felony pursuant to Mo. Rev. Stat. §570.030.3 and he received three concurrent sentences of four years.

Petitioner raises one ground for relief. He contends his confinement violates his Fourteenth Amendment right to due process because, after his conviction, the Missouri Supreme Court found convictions for stealing over $500 are not subject to the felony enhancement under §570.030.3. *State v Bazell*, 497 S.W.3d 263 (Mo. 2016). For the reasons set forth below, habeas relief will be denied.

**BACKGROUND**

In December of 2014, Petitioner pled guilty to three counts of stealing property as a Class C felony. Under Missouri Supreme Court Rule 81.04, Petitioner had 10 days to appeal his conviction. He did not. He is now on parole.

On May 3, 2017, Petitioner filed a post-conviction motion to correct his sentence in light of *Bazell* in the Court of St. Louis County, Case No. 14SL-CR04374-01. On November 17, 2017, the Circuit Court denied his motion. Petitioner did not appeal the denial, stating the appeal would be futile because Missouri appellate courts had declined to correct sentences in similar cases. Petitioner raises the same claim here. Respondent filed his Response to the Order to Show Cause on April 25, 2018. Petitioner did not respond and his time to do so has elapsed.

**DISCUSSION**

**Legal Standard**

Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that application for a writ of habeas corpus cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

**<u>Petitioner's Motion to Vacate Sentence</u>**

Petitioner contends that his sentence violates the Due Process Clause of the Fourteenth Amendment because the State has failed to show an element necessary to enhance his sentence from a misdemeanor to a felony. Petitioner's sentence was enhanced to a felony pursuant to § 570.030.3, which provides an enhancement to a class C felony for "any offense in which the value of property or services is an element" if certain conditions are met.[1] After Petitioner pled guilty and the deadline for him to file a direct appeal passed, the Missouri Supreme Court found that the value of property or services is not an element of the crime to which Petitioner pled guilty. *Bazell* at 2. Petitioner claims that in light of *Bazell*, his sentence violates the Fourteenth Amendment.

Respondent argues first that whether Petitioner is sentenced to a felony or a misdemeanor is not cognizable in a federal habeas petition and second that *Bazell* does not apply retroactively to cases that have completed their direct appeals, including Petitioner's case.[2]

Respondent is correct that Petitioner failed to allege a claim entitling him to relief

---

[1] "Effective January 1, 2017, § 570.030 no longer contains the same language addressed in *Bazell*." *Hamilton v. State*, 598. S.W.3d 607, 609 n.2 (Mo. 2020).

[2] Respondent did not directly raise a timeliness issue. However, based on the reasoning below, it would appear that Petitioner's claim is not timely. *See Meyers v McBee*, No. 2:17-cv-81 ACL, 2018 WL 2009226 (E.D. Mo. Apr. 30, 2018).

under §2254.  Petitioner does not allege that the statute under which he was sentenced is unconstitutional.  His claim is instead that the sentencing enhancement violated his due process rights because after he was sentenced, Missouri courts held the felony enhancement inapplicable in cases like his.  Interpretation of state statutes, like the felony enhancement statute, is the role of state courts, not federal courts. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991).  Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Whether his sentence is appropriate under Missouri law is a decision for state courts.  The Missouri Supreme Court determined *Bazell* does not apply retroactively.  *See State ex rel Windeknecht v. Mesmer*, 530 S.W.3d 500 (Mo. 2017).  Because Petitioner's sentence is valid under Missouri law, Petitioner has not stated a cognizable claim for federal habeas relief.

Petitioner's claim also fails on the merits because *Bazell* does not apply retroactively to cases that have completed direct review.  As set forth in the recent Missouri Supreme Court case of *Fite v. Johnson,* ––S.W.3rd––––, 2017 WL 4930368, *1-2 (Mo. banc):

> Section 570.030.3(1) purports to enhance the offense of stealing from a misdemeanor to a felony when "the value of property or services is an element" and the value of the stolen property or services exceeds $500 but is less than $25,000. The value of the stolen property or services, however, "is not an element of the offense of stealing." *Bazell*, 497 S.W.3d at 266. Although *State v. Passley*, 389 S.W.3d 180, 182–83 (Mo. App. 2012), held stealing is a felony when the value of the stolen property exceeds $500, *Bazell* held this interpretation "should no longer be followed" because the felony enhancement does not apply to the offense of stealing as defined by § 570.030.1. *Bazell*, 497 S.W.3d at 267 n.3; *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017). As this Court held in *State ex rel. Windeknecht*

4

*v. Mesmer*, SC96159, ––– S.W.3d ––––, 2017 WL 4479200 (Mo. banc Oct. 5, 2017), this Court's interpretation of § 570.030.3(1) first enunciated in *Bazell* applies prospectively only, except in those cases pending on direct appeal.

*See King v. Prudden*, No. 4:18-CV-663 NCC, 2018 WL 6171441, at *2 (E.D. Mo. Nov. 26. 2-18).

Petitioner was sentenced on December 12, 2014. (Respondent's Exhibit B). Ten days later, his deadline to file a direct appeal passed. Bazell, decided in 2016, therefore provides no relief in Petitioner's case.

## **CONCLUSION**

The Court concludes that Petitioner is not entitled to federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Buck v. Davis*, 137 S. Ct. 759, 773 (standard for issuing a Certificate of Appealability) (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Timothy A. Breckenridge for a writ of habeas corpus relief is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of December 2020.